**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-4851 & 09-3427
_____

XIU HUA YU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-046-384)
Immigration Judge:  Honorable Rosalind Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2010

Before:  AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed  November 24, 2010)
_____

OPINION
_____

PER CURIAM

Xiu Hua Yu petitions for review of two decisions of the Board of Immigration

Appeals (BIA).  For the reasons below, we will grant the petition for review in No. 08-

4851 and deny the petition for review in No. 09-3427.

Yu, a native of China, entered the United States in 1996. In August 2004, she was charged as removable as an alien present in the United States without being admitted or paroled. She conceded removability and applied for asylum and withholding of removal. Yu argued that she would be persecuted in China under the family planning policy because she has four children and desires to have a fifth child. The Immigration Judge (IJ) denied the asylum application as untimely but granted withholding of removal. The IJ concluded that there was a clear probability that Yu would be sterilized if she returned to China with four children. She discounted the cases relied on by the government to oppose Yu's application because the cases involved Chinese citizens who had given birth to two children in the United States. Because it was the Year of the Golden Pig, a year considered lucky in Chinese culture, the IJ found that there was evidence that the resulting increased births would lead to increased enforcement of the family planning policy. The IJ also referred to newspaper articles describing protests of the family planning policy and the resulting government crackdown. The government appealed the IJ's decision to the BIA.

The BIA reversed the IJ's grant of relief. Citing Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), and Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), the BIA concluded that there was insufficient evidence that China sterilizes its citizens for having children in other countries and that Yu's fear was speculative. It concluded that the IJ

2

had wrongly focused on the number of children Yu had and not that they were born outside of China. Likewise, the BIA distinguished the sterilizations of Yu's mother and mother-in-law from Yu's situation because Yu's children were not born in China. The BIA determined that there was no evidence of Yu's "other resistance" to the family planning policy. Yu filed a timely petition for review which was docketed at No. 08-4851.

Yu also filed a motion to reopen and to reconsider with the BIA. She also argued that her stated opposition to sterilization and her desire to have a fifth child were sufficient to establish her resistance to China's family planning policy and eligibility for withholding. She asserted that she would be subject to economic persecution if returned to China.

The BIA denied the motion. The BIA concluded that her statement of opposition to the family planning policy was not sufficient to support eligibility for refugee status. The BIA also determined that Yu had not shown that she would be subject to economic persecution. Yu filed a petition for review from the BIA's denial of the motion to reopen, which was docketed at No. 09-3427 and consolidated with No. 08-4851.

Withholding of removal

We have jurisdiction over the denial of Yu's claims for withholding of removal under 8 U.S.C. § 1252. To establish eligibility for withholding of removal, Yu needed to demonstrate that it was more likely than not that her life would be threatened in China on

3

account of the family planning policy.  Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005); 8 U.S.C. § 1231(b)(3)(A).  We review the factual findings on which the BIA relied under the substantial evidence standard.  Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).  These findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions.  Toussaint v. Attorney General, 455 F.3d 409, 413 (3d Cir. 2006).

Yu argues that the BIA improperly reversed the IJ's grant of withholding of removal using de novo review instead of the clearly erroneous standard.  We recently held that "an IJ's forecasting of future events constitutes fact-finding that the BIA must review under the clearly erroneous standard."  Huang v. Att'y Gen., 620 F.3d 372, 382-83 (3d Cir. 2010).  Thus, the IJ's determination of the likelihood that Yu will be sterilized if removed to China was subject to review by the BIA for clear error.  The BIA never explained what standard it was using to review the IJ's fact-finding.  It stated that it found that "there is insufficient evidence that the respondent's country sterilizes its citizens for having children in foreign nations."  Supp. A.R. at 27 citing Matter of J-W-S-, 24 I. & N. Dec. at 191; Shao v. Mukasey, 546 F.3d 138 (2d Cir. 2008), and Matter of S-Y-G-, 24 I. & N. Dec. 247.[1]  Our review of the BIA's decision is hampered by the lack of clarity

---

[1]  In Matter of J-W-S-, the BIA concluded that China did not have a policy of requiring the forced sterilization of a parent who returns with a second child born outside of China.  In Matter of S-Y-G-, the BIA determined that the record did not support a

4

surrounding the standard of review it used. "If [the BIA] wishes to reverse factual findings it believes are not 'established by evidence entered into the record,' . . . it needs to apply the clearly erroneous standard in such a way that reviewing courts understand that standard to be in play." Kaplun v. Att'y Gen., 602 F.3d 260, 272 n.10 (3d Cir. 2010) (internal citation omitted). Accordingly, we will grant the petition for review in No. 08-4851, vacate the BIA's November 25, 2008, decision, and remand the matter for the BIA to apply the correct standard of review. We express no opinion as to the merits of Yu's claims.

Motion to reopen and reconsider

We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Because the BIA did not review any factual findings by the IJ in its resolution of the motion to reopen and reconsider, the confusion over the standard of review used by the BIA in its November 25, 2008, decision does not affect our review of the BIA's denial of the motion to reopen and reconsider.[2]

Resistance

---

finding that forcible sterilizations would be required in Fujian province after the birth of a second child. It noted that documents indicated that sanctions for violating the family planning policy would likely be economic.

[2] When considering a motion to reopen, the BIA has the responsibility of considering the facts in the first instance. 8 C.F.R. § 1003.2(c)(3)(ii).

Yu argued in her motion to reopen that she showed "other resistance" to the Chinese family planning policy. She contended that she clearly stated that she was opposed to the policy, would have a fifth child if returned to China, and would oppose being sterilized. She asserted that this statement of opposition is sufficient to demonstrate "other resistance." The BIA concluded that this was not sufficient, and we agree. The BIA did not abuse its discretion in determining that Yu did not show that it is more likely than not that she would be persecuted in China for her "other resistance" to the family planning policy.

Economic Sanctions

Yu also argued in her motion to reopen that she would be subject to economic persecution if removed to China. She relied on our decision in Li v. Attorney General, 400 F.3d 157 (3d Cir. 2005). In Li, we held that "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution." Li, 400 F.3d at 168. However, the BIA's function is to review the existing record; Clifton v. Holder, 598 F.3d 486, 492 (8th Cir. 2010); 8 C.F.R. § 1003.1(d)(3)(iv); and we, likewise, may decide the petition only on the administrative record on which the order of removal was based. 8 U.S.C. § 1252(b)(4)(A). Thus, evidence relied on in Li or other cases, but not introduced in Yu's administrative proceedings, cannot support Yu's claims.

Yu argues that the BIA failed to address the evidence in the record in the 2007

6

Profile that describes the economic consequences for violating the family planning policy. However, she does not address this evidence sufficiently herself. Article 39 of China's Family Planning Law, attached as an appendix to the 2007 Profile, states that violators of the family planning policy will be fined in the amount of "one year's disposable income for a county (city, district) town-dweller or the average net income of a farmer." A.R. at 177. For a violator with two additional children, the amount is four to six times that amount. Yu has not pointed to any evidence in the record as to what base income would be used to calculate the fines in her county, city, or district in China. Moreover, there is nothing in the record concerning Yu's or her husband's current financial situation with respect to her ability to pay any fine that might be imposed in China. Yu also argues that she would be unable to get any kind of job but does not point to any evidence in the record to support this. We conclude that substantial evidence supports the BIA's finding that Yu had not shown that it is more likely than not that she would suffer economic persecution if removed to China.

For the above reasons, we will grant the petition in No. 08-4951, vacate the BIA's November 25, 2008, decision, and remand the matter for the BIA to review the IJ's fact-finding under the clearly erroneous standard. We will deny the petition in No. 09-3427.